UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FUTURE TRANSACTIONS HOLDINGS, LLC, MM ENTERPRISES USA, LLC, and MEDMEN ENTERPRISES INC., <br><br> Plaintiffs, <br><br> v. <br><br> THOR 942 FULTON STREET, LLC., <br><br> Defendant. | Case No.:   22-cv-8905 <br><br> **COMPLAINT** |

Plaintiffs Future Transactions Holdings, LLC ("Future"), MM Enterprises USA, LLC. ("MM Enterprises") and MedMen Enterprises, Inc. ("MedMen") (collectively, "Plaintiffs"), by and through their attorneys, Guzov LLC, for their complaint against Defendant Thor 942 Fulton Street, LLC ("Defendant), allege as follows:

1. This action arises under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. Defendant is the owner of 942-944 West Fulton Street, Chicago, Illinois (the "Premises"), a raw, unfinished warehouse-type space of over 23,000 square feet in a vibrant area of Chicago. Defendant is affiliated with the Thor Equities Group which "owns prime assets in the United States, Europe, and Latin America, with portfolio transactions and a development pipeline spanning 50 million square feet in excess of $20 billion."[1]

3. Plaintiff Future Transactions Holdings, LLC ("Future") entered into a 15-year lease of the Premises from Defendant dated June 28, 2019 (the "Lease"), which provides for rent of $800,000/year in the first year, increasing annually to over $1.2 million in the fifteenth year.

---

[1] https://thorequities.com/about/

4. Plaintiff MM Enterprises USA, LLC. and MedMen Enterprises, Inc. entered into separate guaranties of the Lease (the "Guaranties").

5. Recreational marijuana (or cannabis) sales and use was legalized in Illinois as of January 1, 2020. Plaintiffs' exclusive business activities are the operation of cannabis dispensaries and delivery services. The sole permitted use of the Premises as set forth in the Lease at Section 5.1 is as a "cannabis dispensary." Specifically, Section 5.1 of the Lease provides:

> Tenant shall use and occupy the entire Premises solely as a cannabis dispensary, operated in substantially the same manner as other MedMen stores in the United States and for any ancillary uses related thereto, and, with respect to the upper levels of the Building, for general office and administrative uses (the "Permitted Use"), and for no other use or purpose whatsoever.

6. Plaintiffs do not dispute that neither the lessee, Future, nor the guarantors have paid rent under the Lease starting in August 2021 and surrendered the Premises to Defendant in February 2022.

7. Defendant well knows, however, it is not entitled to enforce the Lease and the Guaranties or the damages it seeks because the distribution and sale of marijuana and the lease of real estate exclusively for such purposes is still illegal under Federal law.

## THE PARTIES

8. Plaintiff Future is an Illinois limited liability company with its principal place of business in Chicago, Illinois. Future's sole member is defendant MM Enterprises USA, LLC.

9. Plaintiff MM Enterprises USA, LLC ("MM") is a Delaware limited liability company, having an address at 10115 Jefferson Blvd., Culver City, CA 90232. The sole member of this entity is Plaintiff MedMen

10. Plaintiff MedMen Enterprises, Inc. is a Canadian corporation, with its principal place of business at 10115 Jefferson Blvd., Culver City, CA 90232.

11. Accordingly, for purposes of diversity jurisdiction, the citizenship of Plaintiff is California and Canada.

12. Upon information and belief, Defendant is a Delaware limited liability company, with its principal place of business at 25 West 39th Street, 2nd Floor, New York, NY 10018.

13. Upon information and belief, the sole member of Defendant is Thor Design District MM LLC, a Delaware limited liability company whose sole member, in turn, is DSFT Holdings LLC.

14. Upon information and belief, DSFT Holdings is wholly owned by the DSFT 2011 Family Trust.

15. Upon information and belief, the DSFT 2011 Family Trust has three trustees: Isaac J. Sitt, Albert Dayan, and Betty Sitt. Isaac J. Sitt and Betty Sitt are residents, citizens and domiciliaries of New York. Albert Dayan is a resident, citizen and domiciliary of New Jersey.

16. Upon information and belief, the beneficiaries of the DSFT 2011 Family Trust are the children of Joseph J. Sitt and Betty Sitt, all of whom are New York residents, citizens and domiciliaries. They have four sons, named Jack Sitt, David Sitt, Joshua Sitt, and Daniel Sitt, and a minor daughter.

17. Accordingly, for purposes of diversity jurisdiction, the citizenship of Defendant is New York and New Jersey.

## JURISDICTION AND VENUE

18. There is complete diversity of citizenship between the adverse parties. This is an action between citizens of different states, or citizens of a state and citizens of a foreign state. The sum in controversy exceeds $75,000.00, exclusive of interest and costs. Hence, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(l) or (a)(2).

19. A substantial part of the material acts or omissions giving rise to this action is based, occurred within this district. Thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## FIRST CLAIM FOR RELIEF
(Declaratory Judgment that the Lease is Illegal and Unenforceable)

20. Plaintiffs repeat and re-allege each allegation set forth above as though fully set forth herein.

21. Defendant is seeking to enforce the Lease against Plaintiffs and commenced an action in this district entitled *Thor 942 Fulton Street, LLC v. Future Transactions Holdings, LLC*, Case No. 1:22-cv-05880 (JPO) (the "Thor Action") alleging Plaintiffs breached the Lease and the Guaranties.

22. By order dated and entered October 17, 2022, the Court in the Thor Action granted Defendant's motion for the voluntary dismissal without prejudice of the Thor Action. Defendant has stated its intent to improperly commence another action seeking the same relief in what Defendant contends is a more favorable forum.

23. As a consequence, a case of actual controversy between Plaintiffs and Defendant exists under 28 U.S.C. §§ 2201 and 2202.

24. It is illegal under Federal law to manufacture, distribute and possess with intent to distribute marijuana, a Schedule I controlled substance; or an attempt to carry out these activities; or where aiding and abetting an attempt to do so. *See* 21 U.S.C. § 812(c)(10) (listing marihuana as a Schedule I controlled substance); 21 U.S.C. § 841(a)(1) (criminalizing the manufacture, distribution and possession with intent to distribute of controlled substances in the absence of authorization under the CSA); 21 U.S.C. § 846 (criminalizing conspiracies and attempts to violate the CSA); 18 U.S.C. § 2(a) (criminalizing aiding and abetting violations of

federal criminal law); 21 C.F.R. § 1308(d)(23) (listing marihuana as a Schedule I controlled substance); 21 C.F.R. § 1308(d)(58) (listing marihuana extract as a Schedule I controlled substance). In addition, it is unlawful under Federal law to lease any place for the purpose of distributing any controlled substance, including marijuana, as Plaintiffs and Defendant did here. Specifically, 12 U.S.C. § 856(a) provides:

> Except as authorized by this subchapter, it shall be unlawful to-- (1) knowingly open, lease, rent, use, or maintain any place, whether permanently or temporarily, for the purpose of manufacturing, distributing, or using any controlled substance; (2) manage or control any place, whether permanently or temporarily, either as an owner, lessee, agent, employee, occupant, or mortgagee, and knowingly and intentionally rent, lease, profit from, or make available for use, with or without compensation, the place for the purpose of unlawfully manufacturing, storing, distributing, or using a controlled substance.

25. Under the CSA, marijuana is contraband for any purpose, and, if there is any conflict between federal and state law with regard to marijuana legislation, federal law prevails pursuant to the Supremacy Clause.

26. As stated, Plaintiffs' exclusive business activities are the operation of cannabis dispensaries and delivery services. The only source of funds by which Plaintiffs could pay contractual damages is proceeds from the distribution and sale of marijuana.

27. In short, Defendant's lease of the Premises to Plaintiffs to be used as a cannabis dispensary is illegal under Federal law. As a result, Plaintiffs are entitled to a judgment declaring that the Lease and Guaranties are void and unenforceable as against Plaintiffs.

**WHEREFORE**, Plaintiffs demand judgment against Defendant declaring that the Lease and Guaranties are void and unenforceable.

Dated:  October 19, 2022

                               GUZOV, LLC

                               By:_____
                                     Debra J. Guzov
                                     Philip M. Smith
                                     Silvia L. Bolatti

                               437 Madison Avenue, 24th Floor
                               New York, New York 10022
                               Tel.:    (212) 371-8008

                               dguzov@guzovllc.com
                               psmith@guzovllc.com
                               sbolatti@guzovllc.com

                               *Attorneys for Plaintiffs Future Transactions Holdings, LLC, MM Enterprises USA, LLC. and MedMen Enterprises, Inc.*